# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHERIE WILLIAMS, YVONNE A. CROSS,
SPENCER CROSS, KIM L. RICE,
JERRY KING JR, LEON RICE,
JANILE PHILLIPS, KEVON PHILLIPS,
OLLIE MOORE, CORNELIOUS MOORE
TERESA SHAMILEY, EDWARD BELL,
LADAWNE MALONE, MICHAEL GREEB,
MARIAM GREEB, RONALD J. MACAFEE,
JAMES SCHLEICHER, GERI SCHLEICHER,
VERNON Y. ROBINSON, DELPHENE L. WIMBLEY,
ROBERT G. KAOUD, IBTISSAM ABOULHASSAN,
GAYLYNN M. BROOKS, DERRICK ROPER,
KELLY ROPER, REGINA TURNER,
JOHN GEROMETTA JR, GERTRUDE KRIKORIAN,
MARIAM A. RESTUM, LAURA GRECH,
JOSEPH GRECH, BARBARA L. WALSTROM,
CATERINA SAPIA BERRY, AHMED BERRY,
PAULA D. MOTLEY, DAWN HASH,
YVETTE HATCHETT, JENNIFER GAINES,
HAROLD CROXTON, YOLANDA CROXTON,
ANDRE MCCULLOUGH, LORI LEGGETTE,
SARAH A. MERRITT, BRENDA J. REED,
ERVIN POPE, AND SABRINA POPE,
ON BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Case No.
Judge:

   Plaintiffs,

vs.

WAYNE COUNTY SHERIFF'S DEPARTMENT,
WARREN C. EVANS,
THE WAYNE COUNTY BOARD OF COMMISSIONERS,
and THE COUNTY OF WAYNE,

   Defendants,

_____/

NICOLETTI & ASSOCIATES P.L.L.C.
Paul J. Nicoletti (P44419)
Attorney for Plaintiffs
39520 Woodward Ave, Suite 200
Bloomfield Hills, MI 48304

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304 (248) 203-7800*

1

(248)203-7800
paul@nicoletti-associates.com

_____/

**NOW COME** the Plaintiffs on behalf of themselves and all others similarly situated, by and through their attorneys Nicoletti & Associates, PLLC, and for their cause of action against the above named Defendants:

### THE PARTIES

1. Sherie Williams, Yvonne A. Cross, Spencer Cross, Kim L. Rice, Jerry King Jr, Leon Rice, Janile Phillips, Kevon Phillips, Ollie Moore, Cornelious Moore, Teresa Shamiley, Edward Bell, Ladawne Malone, Michael Greeb, Mariam Greeb, Ronald J. Macafee, James Schleicher, Geri Schleicher, Vernon Y. Robinson, Delphene L. Wimbley, Robert G. Kaoud, Ibtissam Aboulhassan, Gaylynn M. Brooks, Derrick Roper, Kelly Roper, Regina Turner, John Gerometta Jr, Gertrude Krikorian, Mariam A. Restum, Laura Grech, Joseph Grech, Barbara L. Walstrom, Caterina Sapia Berry, Ahmed Berry, Paula D. Motley, Dawn Hash, Yvette Hatchett, Jennifer Gaines Chambers, Harold Croxton, Yolanda Croxton, Andre Mccullough, Lori Leggette, Sarah A. Merritt, Brenda J. Reed, Ervin Pope, and Sabrina Pope are the Plaintiffs.

2. Wayne County Sheriff's Department, Warren C. Evans, The Wayne County Board of Commissioners and The County of Wayne are the Defendants.

### JURISDICTION

3. Plaintiffs are individuals and all are residents of the State of Michigan, County of Wayne, State of Michigan.

4. This Court has jurisdiction over the subject matter hereto and the parties hereof since this action arises under 42 USC Section §1983 and 42 USC §1985, as hereinafter more fully appears.

5. This cause of action arises from Defendants' illegal activities in the State of Michigan.

**COUNT I**
**EQUITABLE RELIEF TO SET ASIDE SHERIFF'S DEEDS**

6. Plaintiffs restate and incorporate the relevant allegations set forth above by reference as if set out here in full.

7. This is an action to set aside multiple Sheriff's Deeds relating to certain real property situated in Wayne County, Michigan.

8. The subject properties are described in attached **Exhibit 1**.

9. The subject Sheriff's Deeds are identified in attached **Exhibit 2**.

10. The subject Sheriff's Deeds were executed by Yolanda Diaz, Laura Dyament, Sterling Harrison, Kate Ben-Ami, Terri Sims Hilson, Adrienne Sanders.

11. The subject Sheriff's Deeds were defective thereby resulting in Sheriff's Deeds that should be set aside as null and void.

12. The subject Sheriff's Deeds were defective for reasons including but not limited to the following:

    a. The Sheriff, Warren C. Evans did not sign the Appointment of Deputy Sheriff;

    b. The Sheriff, Warren C. Evans did not authorize the Appointment of Deputy Sheriff;

    c. The Appointment of Deputy Sheriff was not "filed" with the Clerk of Wayne County;

    d. The Appointment of Deputy Sheriff was not "recorded" with the Clerk of Wayne County;

    e. The Appointed Deputy Sheriff was not administered the Oath of Office;

    f. The Appointed Deputy Sheriff did not post the statutory bond as required by law;

    g. The Sheriff's Sale was not conducted at the time and place stated in the Sheriff's Deed that was subsequently recorded with the Wayne County Register of Deeds.

13. For the foregoing reasons, any and all claims, rights, titles, or interests in the subject properties, were wrongfully conveyed and transferred to various lenders and third parties.

14. Plaintiffs remain as the true fee owners of the subject properties and the legal and equitable owner in fee simple and, as such, are entitled to have title to the subject properties restored and returned to the Plaintiffs as the true and legal owners.

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an order as follows:

a) That the sheriff's deeds listed in Exhibit "1" be held to be null and void and that the Court adjudge that fee simple title to the subject properties be granted to Plaintiffs.

b) That all right, title and interest of Plaintiffs and those parties claiming by, through, under or against said Plaintiffs be forever quieted and confirmed in Plaintiffs;

c) Awarding such other and further relief as is deemed just and equitable beginning with the return of the real property.

## COUNT II
## FRAUD

15. Plaintiffs restate and incorporate the relevant allegations set forth above by reference as if set out here in full.

16. The above referenced Sheriff Sales should be set aside and the Sheriff's Deeds which issued from said sales should be rescinded for the reason that the underlying mortgage interest foreclosed upon by the Sheriff was invalid, insofar as said representatives of the Sheriffs dept were not duly sworn as Deputy Sheriffs as required by law.

17. The Sheriff's Deeds in question have been deliberately falsified by the Defendants and others to give the appearance that the statutory requirements for a foreclosure sale have been met.

18. Various Michigan statutes, including, but not limited to, MCL §§51.70, 51.73, 600.3216, have been intentionally disregarded and violated and third parties have relied upon the material false representations thereby resulting in the Plaintiffs being dispossessed from their real properties illegally.

19. Plaintiffs have suffered damages as a direct result of the actions and conduct of the Defendants and its agents.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $10,000,000.00 together with attorneys' fees, costs, and interest.

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*

## COUNT III
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

20. Plaintiffs restate and incorporate the relevant allegations set forth above by reference as if set out here in full.

21. Defendants and its representatives deliberately misrepresented the legal capacity of the individuals conducting the applicable Sheriff's Sales, knowing full well that they were not authorized to conduct mortgage foreclosure sales in the State of Michigan.

22. Defendants have engaged in violations of MCL §445.903(1)(n),(s),(bb), and (cc).

23. Defendants' actions were unfair, unconscionable and deceptive, and a failure to reveal a material fact.

24. Defendants' unfair, unconscionable and deceptive statements caused a probability of confusion or misunderstanding as to Plaintiffs' legal rights, remedies, and obligations.

25. Under the terms of Michigan's Consumer Protection Act, a person damaged by unfair, unconscionable and deceptive practices may seek to enjoin an unlawful act and may also seek damages.

26. Under the terms of Michigan's Consumer Protection Act, MCL §445.911(3), a person damaged by unfair, unconscionable and deceptive practices may bring a class action on behalf of persons residing or injured in this state for the actual damages caused by a method, act, or practice which is prohibited by the act.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $10,000,000.00 together with attorneys' fees, costs, and interest.

## COUNT IV
## GROSS NEGLIGENCE

27. Plaintiffs restate and incorporate the relevant allegations set forth above by reference as if set out here in full.

28. Defendants under the color of law, did conduct Sheriff's Sales and were responsible for property owners being wrongfully evicted from their quiet enjoyment of their real property.

5

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*

29. Defendants had a statutory duty as well as a common law duty to insure that Michigan Foreclosure Statutes were complied with in all respects.

30. Defendants in derogation of said duties, knowingly and maliciously allowed Sheriff's Sales to be conducted by persons that had not been properly appointed.

31. Defendants were grossly negligent in allowing said Sheriff's Sales to be conducted in violation of MCL §600.3216.

32. Defendants were complicit in their actions in conducting Sheriff's Sales illegally and wrongfully thereby constituting the proximate cause of significant and continuing damages to the Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $10,000,000.00 together with attorneys' fees, costs, and interest.

### COUNT V– DENIAL OF DUE PROCESS/ TAKING WITHOUT JUST COMPENSATION 42 USC §1983

33. Plaintiffs restate and incorporate the relevant allegations set forth above by reference as if set out here in full.

34. Defendants as described herein have violated the Plaintiffs' inalienable rights to peaceably possess real property located within the State of Michigan.

35. Defendants have violated 42 USC §1983[1] and Amendments IV, V, and XIV of the United States Constitution that provide as follows:

**Amendment IV**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

---

[1] 42 USC §1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**Amendment V**

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

**Amendment XIV**

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Section 2. Representatives shall be apportioned among the several states according to their respective numbers, counting the whole number of persons in each state, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the executive and judicial officers of a state, or the members of the legislature thereof, is denied to any of the male inhabitants of such state, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such state.

Section 3. No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any state legislature, or as an executive or judicial officer of any state, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

Section 4. The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any state shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

Section 5. The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

36. As a direct and proximate result of the violations identified above, Plaintiffs have suffered permanent and continuing damages.

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $10,000,000.00 together with treble damages, attorneys' fees, costs, and interest.

### COUNT VI– CIVIL CONSPIRACY REGARDING DENIAL OF DUE PROCESS/ TAKING WITHOUT JUST COMPENSATION
### 42 USC §1985

37. Plaintiffs restate and incorporate the relevant allegations set forth above by reference as if set out here in full.

38. Defendants as described herein have combined to violate the Plaintiffs' inalienable rights to peaceably possess real property located within the State of Michigan.

39. Defendants have combined in violation of 42 USC §1985, to violate Amendments IV, V, and XIV of the United States Constitution which provides as follows:

**(1) Preventing officer from performing duties**

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

**(2) Obstructing justice; intimidating party, witness, or juror**

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

**(3) Depriving persons of rights or privileges**

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304 (248) 203-7800*

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

40. As a direct and proximate result of the violations identified above, Plaintiffs have suffered permanent and continuing damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally in an amount including compensatory damages in excess of $10,000,000.00 together with treble damages, attorneys' fees, costs, and interest.

## COUNT VII
## CLASS ACTION ALLEGATIONS

41. Plaintiffs restate and incorporate the relevant allegations set forth above by reference as if set out here in full.

42. Plaintiffs bring this class action based upon the six (6) counts set forth above, against the Defendants named herein as a Class Action pursuant to Federal Rule 23, on behalf of all residents and/or property owners of the County of Wayne and all others who have suffered loss of property damages, economic losses and other damages as a result of the Defendants' actions as herein alleged.

43. Plaintiffs' class includes:

    a.    All individuals who have suffered property loss or other economic damages as a result of the Defendants' actions as herein alleged; and

  b. All residents and/or property owners in the County of Wayne or other areas who request injunctive relief.

44. The Plaintiff class representatives consist of Sherie Williams, Yvonne A. Cross, Spencer Cross, Kim L. Rice, Jerry King Jr, Leon Rice, Janile Phillips, Kevon Phillips, Ollie Moore, Cornelious Moore, Teresa Shamiley, Edward Bell, Ladawne Malone, Michael Greeb, Mariam Greeb, Ronald J. Macafee, James Schleicher, Geri Schleicher, Vernon Y. Robinson, Delphene L. Wimbley, Robert G. Kaoud, Ibtissam Aboulhassan, Gaylynn M. Brooks, Derrick Roper, Kelly Roper, Regina Turner, John Gerometta Jr, Gertrude Krikorian, Mariam A. Restum, Laura Grech, Joseph Grech, Barbara L. Walstrom, Caterina Sapia Berry, Ahmed Berry, Paula D. Motley, Dawn Hash, Yvette Hatchett, Jennifer Gaines Chambers, Harold Croxton, Yolanda Croxton, Andre Mccullough, Lori Leggette, Sarah A. Merritt, Brenda J. Reed, Ervin Pope, and Sabrina Pope on behalf of all past and present residents of Wayne County and other areas who have suffered loss of property, damages, as a result of the Defendants' actions that have interfered with the Plaintiffs' right to use and enjoy property.

45. That the claims of the representative party Plaintiffs are typical of the claims of the members of the Class.

46. Plaintiffs and all members of the Class sustained damages, from which they continue to suffer, arising from the actions of the Defendants as herein alleged.

47. The Class of Plaintiffs is so numerous that joinder of all members would be impracticable.

48. That the class representatives will fairly and adequately assert and protect the interests of the members of the class and designated subclasses and have retained counsel competent and experienced in this type of litigation.

49. Plaintiffs have no interest that is contrary to or in conflict with the class members they seek to represent.

50. That the maintenance of the action as a Class Action will be superior to other available methods of adjudication in promoting the convenient administration of justice, as otherwise there could be

conflicting rulings from different courts with regard to the claims made by the Class members against Defendants[2].

51. That Class Action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

52. Furthermore, due to the size of the Class, the expense and burden of individual litigation makes it impossible for the members of the Class individually to address wrongs done to them.

53. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

54. That there are common questions of fact and law among all members of the Class as herein alleged.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant judgment in its favor of Plaintiffs and those similarly situated and against Defendants and award to Plaintiffs and all those similarly situated:

- A. All actual damages suffered by Plaintiffs and those similarly situated
- B. All other relief this Court deems just and appropriate, including but not limited to, all costs and attorneys' fees associated with bringing this action and interest from the date of the filing of this Complaint until the date of judgment at the statutory rate;
- C. A permanent injunction enjoining Defendants from any further operation;
- D. Exemplary Damages; and
- E. Certify this matter as a class action.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury in this action.

Respectfully submitted,

**NICOLETTI & ASSOCIATES P.L.L.C.**

/s/ Paul J. Nicoletti
_____
Paul J. Nicoletti (P44419)
Attorney for Plaintiffs
39520 Woodward Ave, Suite 200
Bloomfield Hills, MI  48304

---

[2] Plaintiffs currently have the following court decisions that support their legal position in this action:  In re: Antonio Attard, FNMA v. Cortney Strother, PHH Mortgage v. Cude, Household Finance v. Hillyard.  The decisions are viewable at www.nicoletti-associates.com.

Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800

11

(248)203-7800
paul@nicoletti-associates.com

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*

12

# EXHIBIT "1"

## PROPERTIES INCLUDED IN THIS CLASS ACTION SUIT

1. Lot 13, Guerolds subdivision, according to the plat thereof as recorded in Liber 29, Page(s) 87, Wayne County Records. More commonly known as: 1450 Atkinson St.

2. Lot 450, Voigt Park Subdivision, as recorded in Liber 22, Page 94 of Plats, Wayne County Records. More commonly known as: 858 Edison St.

3. Lot 88, Grix Home Park Subdivision, according to the Plat thereof, as recorded in Liber 29, Page 53, of Plats, Wayne County Records. More commonly known as: 510 W. Grixdale

4. Lot 98, E Ilene 98 Palmer Blvd Heights, as recorded in Liber 40 Page 79 of Plats, Wayne County Records. More commonly known as: 16934 Ilene

5. Lot 130, Sherer Gardens Subdivision, as recorded in Liber 57, Page 73 of Plats, Wayne County Records. More commonly known as: 18311 Roselawn

6. Lot 72, Brock's Lasher Avenue Subdivision, as recorded in Liber 41 Page 80 of Plats, Wayne County Records. More commonly known as: 21613 Thatcher

7. Lot 82, Myland Subdivision, as recorded in Liber 33, Page 10 of Plats, Wayne County Records. More commonly known as 16168 Avon Ave.

8. Lot 299, Palmer Boulevard Estates Subdivision, as recorded in Liber 35, Page 42 of Plats, Wayne County Records. More commonly known as: 17140 Santa Barbara Dr.

9. Unit 29, Clairpointe of Victoria Park Condominium, according to the Master Deed recorded in Liber 29962, Page 54 through 86, inclusive, Wayne County Records and designated as Wayne County Records and designated as Wayne County Condominium Plan No. 490, together with rights in general and limited common elements as set forth in above described Master Deed and as described in Act 59 of the Public Acts of 1978, as amended. More commonly known as: 440 Clairpointe Woods Dr.

10. Lot 324 and the West 17.5 feet of Lot 325, Linwood Heights Subdivision, according to the plat thereof as recorded in Liber 35, Page 6 of Plats, Wayne County Records. More commonly known as: 3310-3312 Monterey St.

11. Lot 54 and ½ of vacated alley adjoining in rear, Robert Oakman and John H. Walsh's Felician Park Subdivision, recorded in Liber 41, Page 17, Wayne County Records. More commonly known as: 7030 Jonathon St.

12. Lot 424 and one half adjacent vacated alley West Warren Park Subdivison, as recorded in Liber 50, Page 6 of Plats, Wayne County Records. More commonly known as: 7402 Abington Ave.

13. North 39 feet of the South 91 feet of Lots 695 and 696 and North 39 feet of the South 91 feet of the East 28.50 feet of Lot 697, Canterbury Gardens Subdivision No. 2, as recorded in Liber 45, Page 86 of Plats, Wayne County Records. More commonly known as: 18211 San Juan Dr.

14. That part of Lot 58, Supervisor's Dearborn Plat No. 2, according to the plat thereof, recorded in Liber 65, Page 50, Wayne County Records, described as: Beginning at a point on the East line of said lot

Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800

distand North 01 degrees 53 minutes 51 seconds West 821.37 feet; thence North 83 degrees 07 minutes 44 seconds West 120.80 feet and proceeding; thence North 01 degrees 53 minutes 51 seconds West 186.75 feet thence North 86 degrees 06 minutes 02 seconds West along the Northerly line of said lot, 121.30 feet; thence South 29 degrees 20 minutes 37 seconds East 220.75 feet; thence South 83 degrees 07 minutes 44 seconds East 19.20 feet to the point of beginning. More commonly known as: 22215 Dolphin Ct.

15. Lot 236, Stonewater Subdivision No. 3, According to the plat thereof as Recorded in Liber 116, Page 6 thru 24, both inclusive, Wayne County Records. More commonly known as: 48554 Stoneridge Dr.

16. Lot 15, Gruebner's Van Dyke Estate Subdivision, according to the plat thereof as recorded in Liber 58, Page(s) 83 of Plats, Wayne County Records. More commonly known as: 8080Grinnell St.

17. Lot 27, Irene G. Kolowich's Subdivision, as recorded in Liber 49 of Plats, Wayne County Records. More commonly known as: 17130 Fenelon St.

18. Lot 235, Ford Land Subdivision, according to the recorded plat thereof as recorded in Liber 34 on Page 23 of Plats, Wayne County Records. More commonly known as: 17145 Fenelon St.

19. Lot 249, J.W. Lathrup's Lawrence and Collingwood Avenue Subdivision, as recorded in Liber 33, Page 9, of Plats, Wayne County Records. More commonly known as: 3039 Collingwood Street.

20. Lot 94, A.W. Chase Lincoln Highway Subdivision, as Recorded in Liber 37, Page 81 of Plats, Wayne County Records. More commonly known as: 18925 Santa Barbara Dr.

21. Lot 183, Homewood Subdivision, as recorded in Liber 41, Page 33, Wayne County Records. More commonly known as: 14161 Penrod St.

22. North 50 feet of Lot 2559 to Lot 2564, both inclusive and North 50 feet East 10 feet of Lot 2558 of the Blackstone Park Subdivision No. 5, as Recorded in Liber 52, Page 64, Wayne County Records. More commonly known as: 19819 Tracey St.

23. Lot 1106 Greenwich Park Subdivision No. 1 of the vacated portion of Greenwich Park Subdivision of the Southwest ¼ of section 5, town 1 south, range 11 East, Greenfield Township, Wayne County, Michigan, according to the plat thereof as recorded in Liber 45, page 28 of plats, Wayne County Records. More commonly known as: 13403 Vassar Ave.

24. Lot 422, B.E. Taylor's Brightmoor-Hayes Subdivision, as recorded in liber 44, Page 71 of Plats, Wayne County Records. More commonly known as: 11440 West Outer Dr.

25. Lot 23 and 24, Elda Wallace's Re-Subdivision, As Recorded in Liber 51, Page 4 of Plats, Wayne County Records. More commonly known as: 24311 Oxford St.

26. Lot 28, Mission Pointe on the Lake, as recorded in Liber 120, Pages 80 through 91, inclusive, of plats, Wayne County Records. More commonly known as: 49204 Laguna Dr.

27. Lot 363, Frisckhorns West Chicago Boulevard Subdivision, as recorded in Liber 46, Pages 11 and 12 of Plats, Wayne County Records. More commonly known as: 8824 Whitcomb St.

28. Lot 15, S Pembroke 15 and n 10 Ft of vac alley adj Southlawn Grove Sub Liber 53 Page 41 of Plats, Wayne County Records. More commonly known as: 18623 Pembroke.

Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*

29. Lot 43, E Warrington Dr 43S 13Ft 44 & W 9Ft of vac alley adj Woodlawn Sub Liber 29 Page 54 of Plats, Wayne County Records. More commonly known as: 20434 Warrington Dr.

30. Lot 110, E Fielding N 20Ft 110 S 20Ft 109 and W 9Ft of vac alley adj John H Walshs Parkside Sub Liber 53 Page 7 of Plats, Wayne County Records. More commonly known as: 8434 Fielding St.

31. Lot 885, W Bramell 885 & 886 and E 9Ft of vac alley adj Rouge Park Sub No 1 Liber 60 Page 40 of Plats, Wayne County Records. More commonly known as: 8215 Bramell.

32. Lot 193, Miller Home Subdivision, according to the recorded plat thereof as recorded in Liber 32 on Page 97 of Plats, Wayne County Records. More commonly known as: 4649 Jonathon St.3

33. Lot(s) 108 of Wark Gilbert Co's Security Subdivision of part of quarter Section 13, 10,000 acre tract, as recorded in Liber 38 of Plats, Page(s) 60, Wayne County Records. More commonly known as: 3259 Tyler Street.

34. Lots 122 and 123, Yorkshire Highway Subdivision, according to the Plat thereof as recorded in Liber 33, Page(s) 71 of Plats, Wayne County Records. More commonly known as: 1111 Yorkshire Road.

35. Lot 12, Richmond Subdivision, as recorded in Liber 37, Page 91 of Plats, Wayne County Records. More commonly known as: 17211 Eureka Street.

36. Lot 60 of Drennan and Seldon's Connors Park Subdivision, as recorded in Liber 46, Page 86 of Plats, Wayne County Records. More commonly known as: 11475 Christy Street.

37. Lot 1639, Blackstone Park Subdivision Number 2, as recorded in Liber 49, Page 47, of Plats, Wayne County Records. More commonly known as: 18959 Lauder.

38. Lot 52, Moore and Veale Redford Subdivision, as recorded in Liber 37, Page 9 of Plats, Wayne County Records. More commonly known as: 14799 Woodmont Avenue.

39. Lot 85, Detroit Golf Club Subdivision, part of the East one-half of the Section 10, and part of the Southwest one-quarter of Section 11, Town 1 South, Range 11 East, as recorded in Liber 30, Pages 99 and 100 of Plats, Wayne County Records. More commonly known as: 2334 West McNichols Road.

40. Lot 202, Belmont Park Subdivision Number 1, as recorded in Liber 51, Page 90 of Plats, Wayne County Records. More commonly known as: 5901 Beaver Street.

41. Lot 59 of Highland Lakes Subdivision Number 2, as recorded in Liber 98, Pages 63, 64 and 65 of Plats, Wayne County Records. More commonly known as: 19736 Scenic Harbour.

42. Lot 147, Crestwood Manor Subdivision Number 2, according to the Plat thereof as recorded in Liber 107 on Pages 94, 95, 96 and 97 of Plats, Wayne County Records. More commonly known as: 17571 Rolling Woods Circle.

43. Lot 1067, East Detroit Development Company's Subdivision No. 2, as recorded in Liber 36, Page 20 of Plats, Wayne County Records. More commonly known as: 5575 Haverhill.

44. Lot 9 and 10, Guerolds Subdivision, as recorded in Liber 29, Page 87 of Plats, Wayne County Records. More commonly known as: 1426 Atkinson.

45. Lot 234, Joseph Tiremans subdivision, as recorded in Liber 28, Page 22 of Plats, Wayne County Records.  More commonly known as: 5299 Ivanhoe.

46. Lot 98, Beatrice Gardens Subdivision, according to the Plat thereof as Recorded in Liber 88 on Pages 22, 23 and 24 of Plats, Wayne County Records.  More commonly known as: 18797 Westbrook Road.

47. Lot 204, including the adjoining one-half of the vacated public alley at the rear thereof, Dearborn Military Avenue Subdivision, recorded in Liber 40, Page 77, of Plats, Wayne County Records.  More commonly known as: 23011 Arlington Street.

48. Lot 123, Mission Pointe on the Lake, as Recorded in Liber 120, Pages 80 through 91, inclusive, of Plats, Wayne County Records.  More commonly known as: 13135 Vista Drive.

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*

# EXHIBIT "2"

**SHERIFF'S DEEDS INCLUDED IN THIS CLASS ACTION SUIT**

*Law Offices of Nicoletti & Associates, P.L.L.C., 39520 Woodward, Suite 200, Bloomfield Hills, MI 48304  (248) 203-7800*