UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRIE WILLIAMS, et al.,

          Plaintiffs,

v.

WAYNE COUNTY, et al.,

          Defendants.
_____/

CASE NO. 09-14328

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT, DISMISSING AS MOOT PLAINTIFFS' FIRST AMENDED MOTION FOR CLASS CERTIFICATION/BIFURCATION, AND DISMISSING AS MOOT DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE**

    Before the Court is Defendant Wayne County, the Wayne County Board of Commissioners, and Warren C. Evans's Motion to Dismiss and for Summary Judgment Based on Fed. R. Civ. P. 12(b)(6) (Failure to State a Claim), 12(c) (Judgment on the Pleadings), and 56(c) (No Genuine Issue of Material Fact) (Doc. No. 38) and Plaintiffs' First Amended Motion for Class Certification and for Bifurcation of Trials of Liability and Compensatory Damages in Excess of Ten (10) Billion Dollars (Doc. No. 28), and Defendants' Motion for Order to Show Cause Why Plaintiffs' Motion for Class Certification Should Not be Dismissed for Class Representatives' and Class Counsel's Conduct of Initiating New State Court Actions Seeking the Same Relief Sought in this Federal Action (Doc. No. 53). The Court heard oral argument on October 15, 2010, and at the conclusion of the hearing, took this matter under advisement. The Court also reviewed Plaintiffs' Post Hearing Supplemental Brief, Defendants' Response thereto, and Defendants' Supplemental Authority. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss

and **DISMISSES** as moot Plaintiffs' class certification motion and Defendants' show cause motion.

**I.     INTRODUCTION**

Plaintiffs Sherrie Williams, Yvonne Cross, Spencer Cross, Kim Rice, Jerry King, Jr., Leon Rice, Janile Phillips, Kevon Phillips, Ollie Moore, Cornelious Moore, Teresa Shamiley, Edward Bell, Ladawne Malone, Michael Greeb, Mariam Greeb, Ronald Macafee, James Schleicher, Geri Schleicher, Vernon Robinson, Delphene Wimbley, Robert Kauod, Ibtissam Aboulhassan, Gaylynn Brooks, Derrick Roper, Kelly Roper, Regina Turner, John Gerometta, Jr., Gertrude Krikorian, Mariam Restum, Laura Grech, Joseph Grech, Barbara Walstrom, Caterina Berry, Ahmed Berry, Paula Motley, Dawn Hash, Yvette Hatchett, Jennifer Gaines, Harold Croxton, Yolanda Croxton, Andre McCullough, Lori Leggette, Sarah Merritt, Brenda Reed, Ervin Pope, and Sabrina Pope filed suit alleging that Defendants Wayne County, the Wayne County Sheriff's Department, Wayne County Commissioners, and former sheriff, Warren Evans, violated state and federal law throughout the foreclosures of Plaintiffs' property.

In Count I, Plaintiffs ask for equitable relief to set aside the sheriff's deeds as defective and, therefore, null and void. In Count II, Plaintiffs allege fraud based on their assertion that the sheriff's deeds were deliberately falsified by Defendants to give the appearance that the statutory requirements for a foreclosure sale have been met. Compl. at ¶ 17. In Count III, Plaintiffs allege Defendants violated the Michigan Consumer Protection Act (MCPA), MICH. COMP. LAWS § 445.903, through their deceptive actions and failure to reveal the fact that they were not authorized to conduct mortgage foreclosure

2

sales.  In Count IV, Plaintiffs allege gross negligence relating to the wrongful evictions of Plaintiffs from their real property.  In Count V, Plaintiffs bring a claim of denial of due process/taking without just compensation under 42 U.S.C. § 1983.  In Count VI, Plaintiffs bring a claim for civil conspiracy regarding denial of due process/taking without just compensation in violation of 42 U.S.C. § 1985.  Count VII advances class action allegations.

Plaintiffs seek declaratory and injunctive relief on behalf of themselves and others to enjoin Defendants from further sheriff's sales, and damages in the amount of $10,000,000,000.

## II.  STATEMENT OF FACTS

According to Plaintiffs, the proposed class includes all individuals who owned real estate in Wayne County, which was foreclosed by sheriff's sale from May 4, 2005, through the present, where the Sheriff did not sign as the person authorizing the appointment of the special deputy involved in the sale.  (See Doc. No. 28, ¶¶ 1, 2).

A sheriff's sale is governed by statute, which provides:

> The sale shall be at public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by the **sheriff, undersheriff, or a deputy sheriff** of the county, to the highest bidder.

MICH. COMP. LAWS § 600.3216 (emphasis added).  Plaintiffs identify several statutory violations: the use of special deputies, the failure of the sheriff to sign the appointments, and the timeframe of the appointments.

Although the statute authorizes a deputy sheriff to conduct the sale, and the sheriff's deeds are signed by individuals designated as "deputy sheriffs," in this case, Defendants have not produced any deputy sheriff appointments for the individuals who conducted the sales. Instead, Defendants have produced Special Deputy Sheriff appointments. Nine individuals, Marshun Latoy Brooks, Terri Sims Hilson, Laura Dyament, Ralph Leggat, Kate Ben-Ami, Sterling Harrison, Yoland Diaz, Samuel George, and Adrenee Sanders were appointed special deputies, although the parties dispute whether the appointments were made during the relevant time frame. (See Doc. No. 56, Exs, 3-24). The language used in appointments reads in part as follows:

> By virtue of the power vested in me by the statute, in such case made and provided, I, Warren C. Evans, Sheriff of the County of Wayne, do hereby appoint: (Fill in the blank) Special Deputy Sheriff during the **year** ending December 31, 2004 to do particular acts and limited to the following, to wit: . . .To act as auctioneer to hold all Sheriff's sales, issue deeds,; adjourn Sheriff's sales and perform related work. . . .The appointed Special deputy sheriff.

(See Ex. 9) (emphasis added). Some of the appointments are signed by the undersheriff, not the sheriff. In sum, Plaintiffs assert that Defendants failed to properly appoint the special deputy sheriffs, and the defective appointments allowed Defendants to arbitrarily and indiscriminately deprive Plaintiffs of their real estate.

### III. STANDARD OF REVIEW

I"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.R.Civ.P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555,

(2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6) & (c). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same. . . ." Lindsay v. Yates, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

"A complaint attacked by a Rule [12(c) motion for judgment on the pleadings] does not need detailed factual allegations." Twombly, 550 U.S. at 555 (citations omitted). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted).

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

## IV. ANALYSIS

At the outset, the Court must decide which motion to address first. Federal Rule of Civil Procedure 23(c)(1) instructs the Court to determine "at an early practicable time" whether to certify an action as a class action. The Court recognizes that a decision on the issue of certification is not based on the merits. Nevertheless, the Court, in its discretion, finds the resolution of Wayne County Defendants' motion to dismiss may avoid expense for the parties and burdens on the Court in allowing this matter to proceed. See Thompson v. County of Medina, Ohio, 29 F.3d 238, 240-241 (6th Cir. 1994). Accordingly, the Court directs its attention to the arguments raised by Defendants in support of dismissal.

### A. FEDERAL CLAIMS

#### 1. 42 U.S.C. § 1983 (Count V)

Section 1983 does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266 (1994). It reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 28 (1988).

The parties dispute whether Plaintiffs can establish the necessary elements. Plaintiffs challenge Defendants' "systematic and continuous failure to abide by Michigan statutes relating to the appointment of Special Deputy Sheriffs as well as systematic and continuous violations of federal civil rights statutes wherein Michigan residents and property owner have been deprived of their real property without due process of law." (Doc. No. 28). Plaintiffs' position is undermined by longstanding authority from the Sixth Circuit, holding that foreclosure by advertisement does not implicate due process rights. In Northrip v. Fed. Nat'l Mortg. Assoc., 527 F.2d 12, 28-29 (1975), the appellate panel concluded:

> [W]e do not believe the presence of the sheriff and register of deeds in this procedure constitutes state action under the Fourteenth Amendment. We agree with the district court that: 'State action does not necessarily result whenever a state renders any sort of benefit or service to a private entity or seeks to regulate private activity in any degree whatever.'

Id. at 29 (citations omitted).

In 2004, the Sixth Circuit reaffirmed its conclusion in Ray v. Oakland Cnty Drain Comm'n, No. 03-2298 (6th Cir. Sept. 20, 2004) (noting that foreclosure by advertisement was "an incident of the private right to contract"). Accord Cheff v. Edwards, 513 N.W.2d

7

439, 441 (Mich. Ct. App. 1994) ("foreclosure by advertisement is not a judicial action and does not involve state action for purposes of the Due Process Clause, but rather is based on contract between the mortgagor and the mortgagee") (citations omitted).

In light of federal and state authority contrary to their position, Plaintiffs argue their situation is distinguishable because in contrast to Northrip, here, the wrong occurred prior to the sheriff's sale, when the appointments were made. Specifically, Plaintiffs claim that because the special deputes were not appointed properly, they are not capable under the law of carrying out a foreclosure sale. In many cases, the undersheriff, not the sheriff, appointed the special deputies. Because Defendants did not follow the statute, Plaintiffs' property was taken from them without due process of law.

This distinction does not alter the conclusion. The appointment process does not involve any federal constitutional right so the improper appointment, if it did take place, does not implicate a constitutional protection. The presence of an improperly appointed deputy at the foreclosure sale does not impact the analysis of federal and state courts, given their agreement that the foreclosure statute does not involve state action. Consequently, any failure to properly appoint a special deputy to conduct the sale does not support a claim under 42 U.S.C. § 1983. See Northrip, 527 F.2d at 29.

In sum, the Wayne County Sheriff's Office conducted the sheriff's sales as allowed by statute, and in accordance with the mortgage agreement that Plaintiffs entered into voluntarily with their lenders. Consequently, Northrip guides the Court's analysis. "The sheriff's presence was only incidental, and not essential, to the employment of a remedy entered into privately by the mortgagee and mortgagor." Id., 527 F.2d at 29. Therefore,

8

the claim fails as a matter of law.

To the extent that Plaintiffs assert the procedures violated the Fifth Amendment of the Constitution because the foreclosure sale constituted an unjust taking without compensation, the claim fails for the same reason–there is no state action. Accordingly, the Court grants summary judgment to Defendants on Count V.

### 2. 42 U.S.C. § 1985 (Count VI)

In Count VI of their Complaint, Plaintiffs allege that Defendants violated 42 U.S.C. § 1985 (1), (2), and (3). See Doc. No. 1, ¶ 39. Subsection (1) of § 1985 addresses a conspiracy to keep a person from accepting or holding an office or preventing him from discharging his duties. 42 U.S.C. § 1985(1). Subsection (2) addresses a conspiracy to obstruct justice with the intent to deny equal protection of law. 42 U.S.C. § 1985(2). Subsection (3) deals with conspiracies to deprive persons or classes of persons of federally protected rights based on some protected class such as race, gender, or religion. Although all three subsections are included, Plaintiffs specify that Defendants have combined "to violate [their] inalienable rights to peaceably possess real property. . . ." Doc. No. 1 at ¶ 38. Therefore, the Court considers this a claim brought under subsection (3).

The elements of a § 1985(3) conspiracy action are: "(1) a conspiracy; (2) to deprive a person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws; (3) an act committed by one or more of the conspirators in furtherance of the conspiracy; and (4) such act injured a person or his property or deprived him of exercising any right or privilege of a citizen of the United States." Knubbe v. Sparrow, 808 F. Supp. 1295, 1302-1303 (E.D. Mich. 1992) (citing Griffen v. Breckenridge,

9

403 U.S. 88 (1971)). The statute affords a remedy for the violation of a constitutional right or federal statutory law. Knubbe, 808 F. Supp. at 1303 (citing Great Am. Fed. Sav. and Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979)). Here, because the underlying constitutional violation involves the right to due process of law, Plaintiffs must prove "state action" as "this right is only protected against state interference." Knubbe, 808 F. Supp. at 1303 (citations omitted). See United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 436 U.S. 825, 830 (1983) (holding that where a conspiracy is alleged to violate a right that is by definition a right only against state interference, such as the Fourth and Fourteenth Amendments, the plaintiff must first show "that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State").

This requirement is fatal to Plaintiffs' claims, which fall outside the remedial purview of § 1985(3), because the violations alleged involve a right protected only against state interference, and the state action here, as characterized by Northrip does not meet the standard. See Knubbe, 808 F. Supp. at 1304 (citing Browder v. Tipton, 630 F.2d 1149, 1153 n. 11 (6th Cir.1980)).

The requirement likewise renders any claims of taking without just compensation subject to dismissal. Accordingly, the Court grants Defendants summary judgment on Count VI.

### B. STATE CLAIMS

#### 1. Equitable Relief (Count I)

Plaintiffs concede to dismissal of Count I of the Complaint as they are seeking the relief sought in state court. (Doc. No. 56, p. 28). Defendants contend that pursuant to Fed. R. Civ. P. 41(a)(2), they are entitled to a ruling on the merits and dismissal with prejudice.

The Court disagrees.

Defendants' reliance on Rule 41, which governs dismissal of actions, not claims, is misplaced. Because Rule 41(a) refers to the dismissal of an "action" rather than a dismissal of "claims," here, where Plaintiffs seek dismissal of one count of their multi-count complaint, the Court considers it as a motion to amend the complaint to delete the specified claims. Mgmt. Investors v. United Mine Workers, 610 F.2d 384, 394 (6th Cir. 1979).

Federal Rule of Civil Procedure 15(a) governs motions to amend. Under Rule 15(a), after the defendant has filed a responsive pleading, a plaintiff may only amend its complaint by leave of court or with the written consent of the defendant. FED. R. CIV. P. 15(a). A motion to amend is freely granted, in the absence of bad faith, undue delay, or undue prejudice to the defending party. Forman v. Davis, 371 U.S. 178, 183 (1962).

The Court, in its discretion, finds dismissal is appropriate. Importantly, Defendants do not dispute that Count I should be dismissed, but argue that it should be dismissed with prejudice rather than without prejudice. The Court finds that dismissal without prejudice is warranted. Plaintiffs wish to pursue their state claim in state court. Further, the Court finds unavailing, Defendants' contention that they have been prejudiced by the amount of discovery and the amount of time that passed before Plaintiffs asked for dismissal. Plaintiffs filed a multi-count complaint, and discovery was necessary relative to all of the claims advanced by Plaintiffs. Therefore, the dismissal of one claim would not have reduced the amount of discovery in any significant way. Further, although this case had been ongoing for ten months before Plaintiffs asked for dismissal, the Court declines to find the delay undue or the result of bad faith. Therefore, the Court dismisses Count I without prejudice.

### 2. Fraud (Count II)

According to Plaintiffs, Defendants deliberately falsified the sheriff's deeds to give the appearance that the statutory requirements for a foreclosure sale had been met. Doc. No. 1, ¶¶ 16-18. To succeed on a claim of fraud, a plaintiff must show (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. Hi-Way Motor Co. v. Int'l Harvester Co., 247 N.W.2d 813 (Mich. 1976).

Before looking at the merits, the Court considers whether Plaintiffs can proceed against these Defendants in light of the governmental immunity statute. Defendants contend they are entitled to governmental immunity.[1]

Michigan's Governmental Tort Liability Act (GTLA) MICH. COMP. LAWS § 691.1407 provides, in pertinent part:

> (1) Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function. . . .
>
> * * *
>
> (5) A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his

---

[1] Under Michigan law, a county sheriff's office is not a legal entity capable of being sued. Sumner v. Wayne Co., 94 F. Supp 2d 822, 827 (E. D. Mich. 2000). Therefore, the Court limits its discussion to the other Defendants.

or her judicial, legislative, or executive authority.

Whether Wayne County and the Board of Commissioners are entitled to immunity turns on subsection (1) of the statute. The GTLA defines a governmental agency as "the state or a political subdivision," (MICH. COMP. LAWS § 691.1401(d)), and a political subdivision includes a county as well as a board of a political subdivision (MICH. COMP. LAWS § 691.1401(b)). The statute includes the following definition of "governmental function:"

> an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law. Governmental function includes an activity, as directed or assigned by his or her public employer for the purpose of public safety, performed on public or private property by a sworn law enforcement officer within the scope of the law enforcement officer's authority.

MICH. COMP. LAWS § 691.1401(f). In assessing whether an activity is a governmental function, the focus is on the general activity, not the specific conduct giving rise to the tort claim. Herman v. Detroit, 680 N.W.2d 71, 75 (Mich. Ct. App. 2004). Here, there is no dispute that the foreclosure sale is authorized by statute. Therefore, the County and the Board of Commissioners enjoy statutory tort immunity for any claim relating to the discharge of this function. MICH. COMP. LAWS § 691.1407(1). See HRSS Inc. v. Wayne Cnty. Treasurer, 279 F. Supp. 2d 846, 851 (E.D. Mich. 2003) (holding that the defendant county enjoyed immunity form tort liability because it was a Governmental agency engaged in a governmental function). Therefore, Plaintiffs' fraud claims against Wayne County and the Board of Commissioners are barred by governmental immunity.

The assessment of immunity for Sheriff Evans turns on subsection (5) of the statute. In Marrocco v. Randlett, 433 N.W.2d 68, 73 (Mich. 1988), the state supreme court

13

limited the statutory immunity provided to the highest executive officials to acts within their executive authority. "The determination whether particular acts are within their authority depends on a number of factors, including the nature of the specific acts alleged, the position held by the official alleged to have performed the acts, the charter, ordinances, or other local law defining the official's authority, and the structure and allocation of powers in the particular level of government." Id.

Here, the Court finds that the acts in question occurred during the scope of Evan's authority as the Sheriff of Wayne County. A sheriff's sale is authorized by statute. Therefore, Evans is entitled to immunity relative to Plaintiffs' fraud claim.

### 2. Gross Negligence (Count IV)

Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MICH. COMP. LAWS § 691.1407(7)(a). Plaintiffs allege that Defendants were grossly negligent in allowing the sheriff's sales to be conducted in violation of state law. They did not follow the law, and they merely had to read the statute to determinate the proper way to handle foreclosures. The failure to do show demonstrates a substantial lack of concern as to whether the sales were done correctly.

Even if the Court credits Plaintiffs' allegations, it must first consider this claim in light of governmental immunity. The gross-negligence exception to governmental immunity states that it applies to officers, employees, members, or volunteers of governmental agencies. MICH. COMP. LAWS § 691.1407(2). The exception does not state that it applies to the governmental agencies themselves, and Michigan courts have held that the

gross-negligence exception to governmental immunity applies only to individuals, not to governmental agencies. Gracey v. Wayne Cnty Clerk, 540 N.W.2d 710 (Mich. Ct. App. 1995), overruled in part on another grounds Am. Transmissions, Inc. v. Attorney Gen., 560 N.W.2d 50 (Mich. 1997). Consequently, the Court limits its consideration of the merits of Plaintiffs' gross negligence claim to Evans.

To succeed on their gross negligence claim, Plaintiffs must establish that Evans was the proximate cause of their injuries. In Robinson v. City of Detroit, 613 N.W.2d 307, 319 (Mich. 2000), the state supreme court defined proximate cause as the "one most immediate, efficient, and direct cause of the plaintiffs' injuries."

Because the Court finds as a matter of law that the conduct of Evans was not "the proximate cause," i.e., the one most immediate, efficient, and direct cause, of Plaintiffs' injuries, their gross negligence claim against Evans cannot survive. The single direct cause of Plaintiffs' injuries is their failure to pay their mortgages as required by the loan documents, not Evan's alleged failure to properly appoint those who could conduct a sheriff's sale. Accordingly, Plaintiffs' gross negligence claim fails, and Defendants are entitled to summary judgment.

### 3. Michigan Consumer Protection Act (Count III)

According to Plaintiffs, Defendants violated the Michigan Consumer Protection Act through the use of unfair, unconscionable and deceptive practices in using unauthorized individuals to conduct mortgage foreclosure sales. (See Compl., ¶¶21-25). The parties disagree as to whether the Act exempts the conduct at issue.

In Ursery v. Option One Mortgage Corp., No. 271560, 2007 WL 219657 at *14 (Mich. Ct. App. July 31, 2007), the court held the Michigan Consumer Protection Act exempts

"transactions of conduct specifically authorized under laws administered by . . .[an] officer acting under statutory authority of this state. . . .(quoting MICH. COMP. LAWS § 445.904(1)(a)). The relevant inquiry is whether a sheriff's sale is authorized by statute, not whether the conduct challenged is authorized by statute. Id. Therefore, the claim fails as a matter of law.

## IV. CONCLUSION

In sum, the Court **GRANTS** Defendants' Motion to Dismiss. Count I is dismissed without prejudice; Counts II-VI are dismissed with prejudice. The Court **DISMISSES** as moot Defendants' Motion for Order to Show Cause, and Plaintiffs' Motion for Class Certification.

**IT IS SO ORDERED.**


                                                        s/Marianne O. Battani
                                                        MARIANNE O. BATTANI
                                                        UNITED STATES DISTRICT JUDGE

Date: February 4, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                                        s/Bernadette M. Thebolt
                                                        Case Manager